Argued January 26, affirmed February 8, 1921.

## FARBER *v.* FARBER.

(195 Pac. 346.)

**Divorce—Decree on Conflicting Evidence, Dismissing Both Complaint and Cross-bill Based on Cruelty, will be Affirmed.**

1. In a wife's suit for divorce for cruelty and inhuman treatment, wherein the husband filed a cross-bill on the same ground, the evidence being conflicting, and the case being largely a question of incrimination and recrimination, in which neither party was without fault, decree, dismissing both the complaint and cross-bill, will be affirmed.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 2..

The plaintiff, Elizabeth Farber, and defendant, F. W. Farber, were intermarried at Vancouver, Washington, on May 7, 1914. On August 31, 1918, she filed suit for divorce against him upon the grounds of cruel .and inhuman treatment, in which she asks for the custody of a minor child, John Henry Farber, the issue of the marriage, for alimony, and attorney's fees.

The defendant, answering, makes a general denial, and pleads the execution of a separation agreement between them on August 13, 1917, for the period of one year. For a separate answer and defense, and as a cross-bill, defendant alleges that the plaintiff has been guilty of cruel and inhuman treatment, rendering his life burdensome.

A reply was filed, and testimony was taken in open court. No findings of fact or conclusions of law were made, but the court rendered a decree that both the complaint and cross-bill be dismissed, and that neither the plaintiff nor the defendant have any relief against the other, from which the defendant appeals, claiming that he is entitled to a decree.        AFFIRMED.

For appellant there was a brief over the name of *Messrs. Ditchburn & Downes,* with an oral argument by *Mr. John Ditchburn.*

For respondent there was a brief over the name of *Messrs. Collier & Collier,* with an oral argument by *Mr. H. E. Collier.*

JOHNS, J.—1. We have carefully read the record, from which it appears that there is a sharp conflict between the evidence of the plaintiff and that of the de-

fendant. If plaintiff's testimony be true, she should have a divorce. If defendant's evidence be true, he is entitled to a decree. Plaintiff is corroborated by certain witnesses, and defendant is corroborated by about the same number of witnesses. A recital of the conflicting testimony would be of no value to this opinion, and would spread upon the record the details of their domestic life, which was sometimes happy and at other times was not. It appears that the plaintiff, who is 33 years of age, has been previously married and divorced three times, and that the defendant, who is 59 years of age, is not without matrimonial experience, his former wife having obtained a divorce from him upon the ground of cruelty. The evidence in the instant case was taken in open court, and the trial judge, who saw and heard the witnesses testify, found that neither the plaintiff nor the defendant was entitled to a decree. Each seeks a divorce from the other upon the same grounds. It is largely a question of incrimination and recrimination, in which neither is without fault. The decree is affirmed, without costs to either party.        AFFIRMED.

BURNETT, C. J., and BEAN and BROWN, JJ., concur.